**Irvin MILLER, Plaintiff,**

**v.**

**CITY OF WILMINGTON and Maurice Williams, City Treasurer, Lt. John T. Ogden, Plt. Charles Dougherty, Sgt. Stanley Freeman, Plt. Robert McGowan, Plt. Charles Kelly, all trustees of the Police Pension Board, Defendants.**

Court of Chancery of Delaware,
New Castle.

May 6, 1970.

4. See Harvey v. Pennypacker, supra.

**478**

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

Carl Goldstein, Asst. City Solicitor, of Wilmington, for defendants.

SHORT, Vice Chancellor:

Plaintiff brings this action for a declaratory judgment against the trustees of the Wilmington Police Pension Board praying the court to declare that he is entitled to receive a disability pension beginning in October, 1968, the date of plaintiff's application for pension. Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted.

The motion is founded on defendants' interpretation of 50 Del.Laws, Ch. 636, the Wilmington Police Pension Fund statute. This is the decision on defendants' motion.

Plaintiff, a city policeman, was injured on March 3, 1967 in the course of his employment. He returned to light work on March 4, 1967. Subsequently he began having trouble with his back. He was unable to work from February 26 through April 5, 1968 and was hospitalized for the back injury. For purposes of the motion plaintiff's disability must be taken as causally related to the motorcycle accident of March 3, 1967 as a result of which he has sustained partial loss of the use of his back and right leg.

In April 1967, plaintiff resigned from the police force. He had been on the force for ten years prior to his resignation and had contributed four per cent of his annual salary to the Wilmington Police Pension Fund. On October 28, 1968, plaintiff filed an application for pension with the Secretary of the Pension Fund with letters of three doctors attached explaining the permanent nature of his injuries and his incapacity for active police duties. The application was denied.

50 Del.Laws, Ch. 636, an amendment to the Wilmington Police Pension Plan, provides in pertinent part:

"Whenever a member of the Bureau of Police of the Department of Public Safety shall have become disabled or incapacitated from injuries received while in the active performance of official duty and whenever any member of said Bureau, who has performed faithful continuous service as such member for a period of not less than fifteen (15) years, shall have become permanently incapacitated from performing such regular active duty, he may be retired by the Directors of the Department of Public Safety from the regular active service and placed upon the retired list and all members of said Bureau who shall have performed faithful continuous service as

such member for a period of at least twenty (20) years, shall, upon their own application, be placed upon the retired list whether they are disabled or not."

Defendants contend that the statute is clear and unambiguous and, therefore, not subject to construction. They say that in order for a policeman with less than twenty years service to qualify for a pension under the statute three conditions must be met: First, he must suffer a disability resulting from an injury received while in active performance of official duty; secondly, he must be permanently incapacitated from further service; and thirdly, he must have served for fifteen years faithfully and continuously. They contend that plaintiff is ineligible for pension because he has served only ten years on the force.

Plaintiff contends that use of the word "and" in the statute to join the three clauses pertaining to eligibility for pension creates ambiguity; that the obvious intent of the legislature was to provide for three separate and independent bases for eligibility; and that the word "and" should be read as "or".

■ Whether or not the statute is without ambiguity is here of no moment. The result in either case is, in my opinion, the same. There are three clauses in the statute each of which sets forth a different basis of eligibility for pension. The first deals with members of the Bureau disabled from injuries received in the performance of official duty; the second deals with members whose service has been for fifteen years or more and who have become permanently incapacitated from performing their duty; and the third deals with those members who have served for twenty years or more. The first requires disability resulting from performance of duty; the second requires permanent incapacity with a minimum number of years of service but regardless of the source or cause of incapacity; the third merely requires twenty years service. The fact that the legislature used the conjunctive to join the clauses is without significance. Each sets forth a basis for eligibility without reference to the others. Defendants' contention would, in effect, make the first clause meaningless. It would require that to be eligible for pension an injured member must not only have at least fifteen years service but his incapacity must be permanent. To attribute these requirements to the basis of eligibility provided by the first clause would necessitate, at the same time, relieving the member of the requirement that his injury be in the line of duty. Thus the first clause would be rendered totally without meaning. Moreover, the second and third clauses are joined by the conjunctive. That these clauses are independent one from the other is obvious. And there is no reason for viewing the first clause as any the less independent of the second.

■ On the other hand if it can be said that there is ambiguity in the statutory language, as plaintiff's argument would require, I am satisfied that the statute must be construed as providing for three separate and independent bases for pension eligibility. Not only is the legislative intent apparent from what has hereinbefore been said but determination of that intent is aided by the rules of statutory construction. Pension statutes, particularly those designed to benefit policemen and firemen, serve a beneficial purpose both to the public and to the intended recipients. State ex rel. Murray v. Riley, 5 Terry 505, 62 A.2d 236. They are to be liberally construed and ambiguities resolved in favor of those to be benefitted. 62 C.J.S. Municipal Corporations § 588 p. 1195. Here the ambiguity, if any, is caused by the legislature's use of the word "and" to join the three clauses of the quoted statute. As the Supreme Court said in Application of Emmett S. Hickman Co., 10 Terry 13, 108 A.2d 667: "It is well settled that the disjunctive 'or' in a statute or ordinance may be read as 'and' if to do so will conform to the legislative intent. This rule of construction has resulted from the common and

careless use of the words in legislation." Of course, the converse is also true, that is, "and" may be read as "or."

The history of the Wilmington Police Pension legislation clearly demonstrates the careless use of disjunctive and conjunctive words mentioned by the Supreme Court. The first pension statute was enacted in 1907. 24 Del.Laws, Ch. 185. The eligibility classification of members of the police force are in effect the same as provided in the present law. The three clauses, like the present, are joined by the word "and." In 1917 the legislature repealed 24 Del. Laws, Ch. 185 and enacted 29 Del.Laws, Ch. 128. This act contained two clauses in effect the same as the first two clauses of the present law.[1] These were joined by the word "or." In 1921 the 1917 act was repealed and 32 Del.Laws, Ch. 113 enacted. The 1921 act is identical to the 1907 act except that the word "shall" is substituted

for the word "may" in the third clause. The present statute, 50 Del.Laws, Ch. 636, is identical to the 1921 act except that it reflects a change in official name of the body of Wilmington Police and adds after the word "incapacitated" in the first clause the words "from injuries received." No argument is made that the added words have any significance in the determination of the issue now before the court. They are obviously words of clarification. It is thus apparent that the legislature in enacting the several statutes providing for police pensions has used the words "and" and "or" interchangeably. No significance should, therefore, be attached to the use of the word "and" in the present statute. Since construction most favorable to plaintiff must be adopted the word "and" is to be read as "or."

The motion to dismiss is denied. Order on notice.

---

1. The third clause of qualification, differing materially from the present third clause, is set out in the 1917 act in a separate sentence.